IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 12, 2006

## STATE OF TENNESSEE v. DERRICK WALTON

**Appeal from the Criminal Court for Shelby County**
**No. 04-04268     James C. Beasley, Jr., Judge**

---

**No. W2005-01592-CCA-R3-CD  - Filed October 16, 2006**

---

Following a jury trial, the Defendant, Derrick Walton, was convicted of one count of second degree murder.  He was sentenced to twenty-three years in the Department of Correction.  The Defendant's sole issue on appeal is whether the trial court erred in enhancing his sentence.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Marvin Ballin, Memphis, Tennessee, for the appellant, Derrick Walton.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assisntant Attorney General; William L. Gibbons, District Attorney General; and James Wax and Teresa McCusker, Assistant District Attorneys General; for the appellee, State of Tennessee.

## OPINION

### Factual Background

On November 14, 2003, the victim, Brook Davis, was sitting in his car using his cellular telephone when three men, including the Defendant, approached and began shooting into the car. The victim attempted to drive away from the scene, but he ran his car into a tree.  The victim later died, and the cause of death was determined to be from two gunshot wounds to the back.

Officer Willie Sanders of the Memphis Police Department witnessed the shooting, along with several other individuals.  Officer Sanders pursued the three men fleeing from the scene, stopped their car, and found a .40 caliber handgun.  The Defendant was arrested and admitted that he shot

the victim. The Defendant stated that the motive for the shooting was that the victim had sold him about a quarter of a kilogram of counterfeit cocaine several weeks before for $4200.00.

## Procedural Background

The Defendant was indicted by a Shelby County grand jury for first degree murder. After a trial by jury, the Defendant was convicted of second degree murder. The Defendant was sentenced to twenty-three years in the Department of Correction. The trial court's sentencing determination was based upon the enhancement factor of committing the offense with a firearm. The Defendant filed a motion for a new trial, alleging that his sentence was "excessive." The trial court denied the Defendant's motion. This timely appeal followed.

## Analysis

The Defendant's sole issue on appeal is whether the trial court properly enhanced his sentence for second degree murder based upon the statutory factor that the Defendant used a firearm in the commission of the offense. The Defendant argues that the trial court did not follow the statutory procedures, did not make findings of fact, and gave excessive weight to the enhancement factor.[1] The State counters that the trial court did adhere to the statutory guidelines, did make clear findings of fact on the record, and did properly weigh the enhancement factor heavily in the sentencing determination. We agree with the State and conclude that the trial court did not err in its sentencing determination.

Before a trial court imposes a sentence upon a convicted criminal defendant, it must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; and (f) any statement the defendant wishes to make in the defendant's own behalf about sentencing. See Tenn. Code Ann. § 40-35-210(b); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001).

Upon a challenge to the sentence imposed, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts

---

[1]We note that the legislature has amended several provisions of the Criminal Sentencing Reform Act of 1989, said changes becoming effective June 7, 2005. However, the Defendant's crimes in this case, as well as his sentencing, predate the effective date of these amendments. Therefore, this case is not affected by the 2005 amendments, and the statutes cited in this opinion are those that were in effect at the time the instant crimes were committed.

and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then the presumption is applicable, and we may not modify the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W. 2d 785, 789 (Tenn. Crim. App. 1991). We will uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act, and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401 Sentencing Commission Comments; Arnett, 49 S.W.3d at 257.

In the present case, the trial court meticulously documented the sources of evidence for its sentencing determination. The trial court made findings of fact, applied the principles of sentencing, analyzed the enhancement factors, and assessed the weight to be given to the enhancement factors as required by Tennessee Code Annotated section 40-35-210(b). Ultimately, the trial court determined that one enhancement factor merited an increase in the Defendant's sentence.[2]

Under Tennessee Code Annotated section 40-35-114(10), the trial court may enhance the Defendant's sentence if he "possessed or employed a firearm . . . during the commission of the offense." Id. Because the evidence showed that the Defendant did shoot the victim twice with a .40 caliber handgun, the trial court was justified in finding this enhancement factor applied. Furthermore, the trial court specifically stated on the record that this factor deserved a "great deal of weight" because the victim would probably not be deceased had the Defendant not possessed a firearm. The trial court did not find any mitigating factors to counterbalance the enhancement factor.

After determining that only one enhancement factor would be applied to the Defendant's sentence, the trial judge properly considered the sentencing range for a Class A felony to be fifteen to twenty-five years. See Tenn. Code Ann. § 40-35-112(1). The Defendant's presumptive sentence was the midpoint of the range. See id. § 40-35-210(c). The trial judge then increased the sentence from the presumptive sentence of twenty years to an enhanced sentence of twenty-three years based upon his discretionary determination of the heavy weight of the enhancement factor.

Because we conclude that the trial court properly followed the statutory requirements in imposing the Defendant's sentence, we must presume that the sentence is correct. The Defendant

---

[2]The trial court also found that two other enhancement factors applied to the Defendant's case: (1) The Defendant "has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range" under Tennessee Code Annotated section 40-35-114(2); and (2) The Defendant "was a leader in the commission of an offense involving two (2) or more criminal actors" under Tennessee Code Annotated section 40-35-114(3). The trial court declined to enhance the Defendant's sentence based upon these additional factors because his prior criminal record included "low-grade misdemeanor offenses" and because the State was unable to prove that the other men present at the time of the shooting "had any involvement or any knowledge whatsoever that this offense was going to occur or that they anticipated in any manner in [sic] the commission of the offense . . . ."

has failed to establish that the sentence was otherwise improper. Therefore, we affirm the sentence imposed by the trial court.

## Conclusion

Based on the foregoing authorities and reasoning, the judgment of the trial court is affirmed

.

_____
DAVID H. WELLES, JUDGE